﻿Citation Nr: 18124186
Decision Date: 08/06/18 Archive Date: 08/06/18

DOCKET NO. 14-25 386A
DATE: August 6, 2018
REMANDED
Entitlement to service connection for a back disorder is remanded.
REASONS FOR REMAND
The Veteran served on active duty from July 2008 to November 2008 and February 2012 to February 2013. 
This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a December 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).
1. Entitlement to service connection for a back disorder is remanded.
The Veteran maintains that his pre-existing back disorder was aggravated by his second period of service. See August 2014 VA Form 9. He was afforded a VA examination in November 2013 and was diagnosed with degenerative disc disease (DDD) of the lumbar spine. The examiner determined that the Veteran’s range of motion testing was unreliable/inconsistent, and as a result the examiner was unable to determine a relationship between the Veteran’s pre-existing back disorder, his in-service injury, and his current diagnosis. Although his private treatment provider opined in February 2014 that his DDD was aggravated in service and that his disc herniation is related to service, a conclusory rationale was provided. Thus, another examination is necessary on remand. See Barr v. Nicholson, 21 Vet. App. 303 (2007). 
Additionally, the service treatment records that have been associated with the claims file do not include his second period of service entrance examination. All active duty and National Guard treatment records should be obtained on remand. Moreover, the Veteran’s periods of active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA) have not been verified, and this should be accomplished on remand. Outstanding treatment records should also be obtained. 
The matter is REMANDED for the following actions:
1. Verify the Veteran’s specific dates of ACDUTRA and INACDUTRA in the Army National Guard. Retirement points will not suffice.
2. Obtain a complete copy of the Veteran’s service treatment records pertaining to his active service and National Guard service, to include his second period of service entrance examination. If any of these records are unavailable, notify the Veteran pursuant to 38 C.F.R. § 3.159(e).
3. Obtain all outstanding VA treatment records.
4. With any necessary assistance from the Veteran, obtain all outstanding relevant private treatment records.
5. Then schedule the Veteran for a VA examination to determine the nature and etiology of his back disorder. The claims file must be made available to the examiner. All necessary testing should be accomplished. 
For each back disorder diagnosed other than DDD, to include lumbar hernia, please opine whether it is at least as likely as not (50 percent probability or more) that such disability:
(a) had its onset during active service or a verified period of ACDUTRA;
(b) is otherwise the result of a disease or injury incurred during active duty or a verified period of ACDUTRA; or
(c) is otherwise the result of an injury incurred during a verified period of INACDUTRA?
As to the pre-existing condition, DDD, noted prior to his second period of service, please opine whether it is at least as likely as not (50 percent probability or more) that such disability:
(a) underwent an increase in severity during his second period service?
(b) If so, was the increase clearly and unmistakably (undebatably) due to the natural progression of the disease? 
In addressing these questions, the examiner is asked to review and consider the Veteran’s lay statements, the November 2012 in-service back injury, his September 2011 back injury, and the February 2014 private medical opinion.
The examiner must provide robust rationales for each opinion. The examiner is advised that the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinions. If the examiner rejects the Veteran’s reports, the examiner must provide a reason for doing so. 

 
S. BUSH
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD K. Forde, Counsel